UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN O'HERN,<br><br>            Plaintiff,<br><br>     v.<br><br>CHIMNEY ROCK WINERY, LLC,<br><br>            Defendant. | Case No.  26-cv-06952-TSH<br><br>**ORDER TO SHOW CAUSE RE:**<br>**SUBJECT MATTER JURISDICTION** |

On July 8, 2026, Defendant Chimney Rock Winery, LLC removed this case based on diversity jurisdiction under 28 U.S.C. § 1332, alleging Plaintiff Lynn O'Hern is a resident and is domiciled in the state of Louisiana, and "Defendant's business is in California, the principal address is 5350 Silverado Trail, Napa, California 94558."  ECF No. 1.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  As such, they "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"); *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) ("Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists.") (cleaned up).

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1)-(2).

Here, there is no federal question jurisdiction because Plaintiff's claims all arise under state law. *See* Compl., ECF No. 1-2. As the party asserting diversity jurisdiction, Defendant bears the burden of proving that diversity jurisdiction exists. *See Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961) ("[T]he burden of proving federal jurisdiction is upon the party asserting it[.]") (citation omitted).

"The citizenship of a limited liability company is determined by the citizenship of its members." *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 823 (9th Cir. 2024) (citing *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("A limited liability company is a citizen of every state of which its owners/members are citizens, not the state in which it was formed or does business.")). "Generally, LLC's are citizens of every state in which their owners/members are citizens." *Prairie Fire, LLC v. Van Vraken Enters., Inc.*, 2013 WL 12149698, at *1 (N.D. Cal. Sept. 26, 2013) (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)) (cleaned up). Thus, Defendant's citizenship depends on the citizenship of its members and owners. However, Defendant has failed to include any allegations as to the citizenship of its members and owners.

Accordingly, Defendant is **ORDERED TO SHOW CAUSE** as to the citizenship of any members and owners of Chimney Rock Winery, LLC. Defendant shall file a written response to this Order by July 23, 2026. Failure to do so will result in a remand of this action for lack of subject matter jurisdiction. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) ("If it appears that the federal court lacks jurisdiction, however, 'the case shall be remanded.'") (quoting

United States District Court
Northern District of California

2

28 U.S.C. § 1447(c)).

**IT IS SO ORDERED.**

Dated: July 9, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

3