United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN O'HERN,<br>Plaintiff,<br>v.<br>CHIMNEY ROCK WINERY, LLC,<br>Defendant. | Case No. 26-cv-06952-TSH<br><br>**ORDER DISCHARGING SHOW CAUSE ORDER, INVITNG DEFENDANT TO FILE AMENDED NOTICE OF REMOVAL** |

On July 9, 2026, the Court issued a show cause order regarding federal subject matter jurisdiction. ECF No. 4. On July 21, 2026, Defendant Chimney Rock Winery, LLC ("Chimney") filed a response. ECF No. 6. Chimney states that it "is a wholly owned subsidiary of Terlato Wine Group, LTD," and that Terlato Wine Group, LTD is "a stock corporation, formed in Delaware" with a principal place of business in Illinois. *Id.*

Having reviewed Chimney's responses, the Court is satisfied that it possesses jurisdiction over this matter based on diversity of citizenship. Accordingly, the Court **DISCHARGES** the show cause order.

However, the Ninth Circuit has held "that a district court may not establish diversity of citizenship purely by judicial notice." *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1174 (9th Cir. 2025). The court reiterated that the party invoking federal subject matter jurisdiction "*always* bears the burden of *both pleading and proving* diversity jurisdiction." *Id.* at 1175 (emphasis in original) (citation omitted). And the court explained that federal courts "have the authority to grant leave to amend a complaint in order to cure defective allegations of jurisdiction." *Id.* at 1177 (cleaned up); *see* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Here, because Chimney does not allege the citizenship of Chimney's owners in the Notice of Removal, Chimney does not allege facts in the Notice of Removal establishing that complete diversity exists between the parties. *See generally* Not. of Removal (ECF No. 1). While Chimney included information about the citizenship of Chimney's owners in its response to the Court's show cause order, the Court cannot take judicial notice of that filing for the purpose of establishing that complete diversity exists. *Rosenwald*, 152 F.4th at 1174. Therefore, as in *Rosenwald*, the Court invites Chimney to amend its jurisdictional allegations because inviting amendment does not prejudice either party and doing so would not be futile. *Id.* at 1177; *see also Emeryville Redevelopment Agency v. Clear Channel Outdoor*, No. C-06-01279-WHA, 2006 WL 1390561, at *3 (N.D. Cal. May 22, 2006) (explaining district court has discretion to grant leave to amend a notice of removal to allow parties to clarify defective allegations).

Accordingly, Chimney may file an amended notice of removal by July 31, 2026, to cure its defective allegations of jurisdiction. Chimney shall only amend its allegations of jurisdiction; the Court does not grant Chimney leave to amend any other allegations in the Notice of Removal.

**IT IS SO ORDERED.**

Dated: July 24, 2026

THOMAS S. HIXSON
United States Magistrate Judge